**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ADAM KAZAL,

      Petitioner,

v.
                               Case No.:  8:17-cv-2620 T 33 JSS

MATTHEW PRICE,

      Respondent.

_____/

**PETITIONER'S *EMERGENCY* MOTION TO COMPEL**

Petitioner, Adam Kazal ("Kazal" or "Petitioner"), by and through his undersigned

counsel, makes the following *Emergency* Motion to Compel compliance with a subpoena

issued to, and served upon, Respondent, Matthew Price ("Price" or "Respondent"),

pursuant to Fed.R.Civ.P. 45 and M.D. Fla. Local R. 3.01 and 3.04, and states as follows:

STATEMENT OF FACTS

Kazal seeks emergency Court intervention to obtain compliance with a subpoena

that this Court allowed to be issued and served on an emergency basis.  Price failed to

both appear at his scheduled deposition and produce a single document, and as a result,

Kazal's freedom remains at risk.

On November 2, 2017, Kazal filed an Emergency *Ex Parte* Application for an

Order Permitting Discovery for Use in a Foreign Proceeding under 28 U.S.C. § 1782 and

to Shorten Time for Notice to Respondent (Dkt. 1; "Section 1782 Application").  As set

forth therein, Kazal is a respondent in a lawsuit brought in the Federal Court of Australia

("Australian Court") where he was sentenced to prison through May 2018 for allegedly

breaching a court order.  *Id*.  Kazal filed an interlocutory application seeking an order releasing him from prison and/or discharging the remainder of his sentence, and the Australian Court has scheduled a hearing for November 10, 2017.  *Id*.  At his appearance before the Australian Court – now, in just three days' time – Kazal intends to present mitigating evidence from Price that will aid in securing his release.  *Id*.  By way of the Section 1782 Application, Kazal sought leave to obtain this exculpatory evidence by serving a subpoena for Price's deposition and documents on an expedited basis.  *Id*.

On November 3, 2017, this Court entered an Order granting the Section 1782 Application and permitting Kazal to conduct the requested discovery of Price on shortened notice.  (Dkt. 3; "Order").  In accordance with the Order, Kazal issued a subpoena for Price's documents and deposition to be held in New Port Richey, Florida on November 7, 2017 ("Subpoena").  The same day as the Court entered its Order, Kazal effected personal service of the Subpoena on Price.  (Dkt. 6).

That same day, Kazal's undersigned counsel was contacted by an attorney representing Price in an unrelated California state court action who was apparently forwarded a copy of the Subpoena by Price, further demonstrating Price's knowledge of his obligation to appear at the scheduled deposition.  *See* Declaration of Michael R. Whitt ¶ 2 (submitted herewith; "Whitt Decl.").

But four days later on November 7, 2017, at 6:34 a.m. – just hours before Price's deposition was scheduled to commence – Price's California attorney served a copy of Price's Objections to Kazal's Subpoena to Testify at a Deposition in Civil Action.  *Id*.

¶ 3; *see also id*. at Exhibit A ("Response").[1]  Significantly, the Response constitutes mere form objections devoid of any particularized application to Price.  *See* Whitt Decl. at Exhibit A.  To make matters worse, Price's California attorney served the Response after Kazal's undersigned counsel had already embarked on the three-hour drive to New Port Richey for the scheduled deposition, and it was not seen until after counsel arrived.  *Id*. ¶ 3.  Nor was the Response served prior to paying and arranging for a stenographer to record the scheduled deposition.  *Id*.

In apparent reliance on his Response, Price failed to appear for his scheduled deposition.  (Dkt. 7).  As a result, Kazal still lacks the mitigating evidence he desperately needs to secure his release from Australian prison.  The hearing before the Australian Court in Sydney is set for this Friday morning at 9:30 a.m. AEDT – 16 hours ahead of EDT – and the clock is ticking.

## ARGUMENT

Fed.R.Civ.P. 45 provides the framework for securing documents, electronically stored information, testimony, and tangible things relevant to litigation through use of a subpoena.  The permissible scope of discovery under Rule 45 is the same as Rule 26(b). *See Cytodyne Techs., Inc. v. Biogenic Techs., Inc.*, 216 F.R.D. 533, 535 (M.D. Fla. 2003) ("The scope of discovery under the Federal Rules is broad.  Parties may obtain discovery of any matter, not privileged, which is relevant to the subject matter involved in the pending action...") (quotation marks omitted).

---

[1] As of the filing of this Emergency Motion, it does not appear that Price's California attorney moved for special admission to practice before this Court.  *See* M.D. Fla. Local R. 2.02.

Rule 45 also sets forth the procedure by which the Court may compel compliance with a subpoena. Specifically, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed.R.Civ.P. 45(d)(2)(B)(i). Additionally, a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Id*. §§ (g).

"Motions to compel disclosures and other discovery are committed to the sound discretion of the trial court." *Cytodyne Techs.*, 216 F.R.D. at 535 (citing *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984)). To decide this motion, the Court need only conduct a "case-specific balancing test wherein the court must weigh factors such as relevance, the need of the party for the documents, the breadth of the document request, and the time period covered by the request against the burden imposed on the person ordered to produce the desired information." *Id*. (citing, *inter alia*, *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985)). Each of these factors militates in favor of granting Kazal's requested relief.

First, the testimony and documents sought by the Subpoena are undoubtedly relevant to this proceeding, as they represent the entire purpose of initiating this action through the Section 1782 Application. Second, the need for this information could not be greater; Price's testimony and documents represent mitigating evidence that Kazal can present to the Australian Court, and his freedom hangs in the balance. Additionally, the requested information and relevant time-period covered by the Subpoena is expressly

limited to the exculpatory evidence regarding the various defamatory websites that Price created, posted, and maintained.

As for purported burden, Price has not lodged any "adequate excuse" for failing to obey the Subpoena. Fed.R.Civ.P. 45(g). Instead, the Response is limited to mere form objections and uncorroborated claims with absolutely no articulation whatsoever as to how Price is supposedly burdened by compliance. *See* Whitt Decl. at Exhibit A.[2] Nor does Price even attempt to justify his California attorney's dilatory litigation tactic by waiting to serve the Response until just hours before the deposition was scheduled to commence. *Id*. ¶ 3. In any event, this Court has already entered the Order permitting Kazal to serve the Subpoena for the very documents and testimony upon shortened notice that he now seeks to compel.

Therefore, Petitioner respectfully requests that the Court: (1) order Respondent to appear before the Court at 9:00 a.m. on Thursday, November 9, 2017, to show cause for failing to comply with the Subpoena; (2) order Respondent to comply with the Subpoena by producing all requested documents and sitting for a deposition in the Courthouse following the requested hearing; (3) order Respondent to reimburse the reasonable attorneys' fees and costs Petitioner incurred as a result of Respondent's failure to appear for his deposition pursuant to the Subpoena; and (4) order Respondent to reimburse the reasonable attorneys' fees and costs Petitioner incurred in making this motion.

---

[2] Price also objected by claiming the Subpoena is somehow an attempt to avoid a stay of discovery in an unrelated California action. *Id*. But Kazal was never a party to that case, and more importantly, the action was dismissed before Price had even served his Response. *Id*. at Exhibit B.

For the Court's convenience, Petitioner has submitted a proposed order herewith.

### PETITIONER'S BASIS FOR REQUESTING EMERGENCY RELIEF UNDER M.D. FLA. LOCAL R. 3.01(e)

Pursuant to M.D. Fla. Local R. 3.01(e), and as set forth in greater detail in the Section 1782 Application, as granted by this Court's Order, the Australian hearing to decide Kazal's interlocutory application for an order releasing him from prison and/or discharging the remainder of his sentence is scheduled this Friday morning, November 10, 2017.  Petitioner must take Respondent's deposition and have the testimony transcribed and certified for filing in the Australian Court no later than this Thursday, November 9, 2017.

### M.D. FLA. LOCAL R. 3.01(g) CERTIFICATION

Pursuant to M.D. Fla. Local R. 3.01(g), the undersigned counsel both telephoned and emailed Price's California attorney in an attempt to confer in a good faith effort to resolve the issues raised by this emergency motion.  Price's California attorney, however, responded by email stating that Price intends to oppose this emergency motion.

### CONCLUSION

For the foregoing reasons, Petitioner Adam Kazal respectfully requests this Court to grant his *Emergency* Motion to Compel in accordance with the proposed order submitted herewith.

6

Dated: Naples, Florida          **ROBINS KAPLAN LLP**
      November 7, 2017          Attorneys for Petitioner, Adam Kazal

              By: /s/ Michael R. Whitt
                 Michael R. Whitt
                 Florida Bar No. 725020
                 711 Fifth Avenue South, Suite 201
                 Naples, Florida 34102
                 (239) 430-7070 Telephone
                 (239) 213-1970 Facsimile
               mwhitt@robinskaplan.com

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished

this 7th day of November, 2017, by U.S. Mail and by e-mail to:

Steven T. Gebelin, Esq.
sgebelin@raineslaw.com
Raines Feldman LLP
Attorneys for Respondent, Matthew Price
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

and by FedEx Overnight Delivery to:

Matthew Price
3019 Lynwood Court
Land O Lakes, Florida 34638

**ROBINS KAPLAN LLP**
Attorneys for Petitioner, Adam Kazal

By: /s/ Michael R. Whitt
    Michael R. Whitt
    Florida Bar No. 725020
    711 Fifth Avenue South, Suite 201
    Naples, Florida 34102
    (239) 430-7070 Telephone
    (239) 213-1970 Facsimile
    mwhitt@robinskaplan.com